# United States District Court
# Northern District of Indiana

ORLANDOR J. BRANCH, SR.,    )
                            )
        Plaintiffs,         )
                            )   Civil Action No. 3:10-CV-345 JVB
    v.                      )
                            )
CHRISTY A. SHORT, *et al.*, )
                            )
        Defendants.         )

## OPINION AND ORDER

Orlandor J. Branch, Sr., a *pro se* plaintiff, filed an *in forma pauperis* petition and a complaint pursuant to 42 U.S.C. § 1983. Branch brings this case against two deputy prosecuting attorneys and three judges. He alleges the following:

• Deputy Prosecutor Christy A. Short "request that I (a defendant) be held in custody on a 'higher than standard bond.'" (Compl. at 3.)

• Judge Jane Woodward Miller "did grant that I (a defendant) be held in custody on a 'higher than standard bond.'" *Id.*

• Judge John Marnocha "did continually grant that I (a defendant) be held in custody on a 'higher than standard bond' . . . deny the acceptance of filing a *pro se* motion to dismiss . . . [and] dismiss my criminal case without my attorney present." *Id.*

• Deputy Prosecutor Sally Skodinski "did in fact charge I (a defendant) twice for the same offense . . . .." Complaint at 4.

• Judge Jane Woodward Miller "did in fact sign an arrest warrant and found probable cause in the warrant to charge I (a defendant) twice for the same offense." *Id.*

• Judge Jeffrey Sanford "did in fact deny to I (a defendant) adequate assistance of ." *Id.*

Mr. Branch's allegations fail to state a viable claim. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). When the two deputy prosecutors filed charges against Branch and requested that the court set his bail higher than the standard bond, they were initiating a prosecution against him and presenting the State's case. Therefore they are immune from suit and must be dismissed.

A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). When the three judges set bail, ruled on motions, dismissed charges, signed arrest warrants, found probable cause, and made rulings about appointment of counsel, they were acting on matters within the jurisdiction of their courts. Therefore, they are immune from suit and must be dismissed.

The *in forma pauperis* petition is denied and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** on September 8, 2010.

  s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United State District Judge
Hammond Division